UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TRUSTEES OF THE LABORERES UNION LOCAL
NO. 1298 NASSAU & SUFFOLK COUNTIES
BENEFIT FUNDS,

                        Plaintiff,                           **REPORT AND**
                                                         **RECOMMENDATION**

    v.
                                                            22-CV-5276 (PKC) (LGD)

PIONEER LANDSCAPING & ASPHALT PAVING,
INC.,

                        Defendant.
------------------------------------------------------------------X

**LEE G. DUNST**, Magistrate Judge

       Presently before the Court is Plaintiff's Motion for Default Judgement at Electronic Case File Number ("ECF No.") 7. On March 27, 2023, District Judge Pamela K. Chen referred the Motion for Default Judgement (the "Motion") to the undersigned for a Report and Recommendation. Mar. 27, 2023 Order. The undersigned respectfully recommends that Plaintiff's Motion be granted in part as to liability, and Plaintiff's request for damages be denied without prejudice.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

       On September 6, 2022, Plaintiff Trustees of Laborers Union Local 1298 of Nassau and Suffolk Counties Benefit Funds commenced this action pursuant to the Labor Management Relations Act of 1947 ("LMRA") and the Employee Retirement Income Security Act ("ERISA"). ECF No. 1; 29 U.S.C. § 185; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 1145. On March 17, 2023, the Clerk of Court entered Defendant's default for its failure to appear or otherwise defend the action, pursuant to Federal Rules of Civil Procedure 55(a). ECF No. 6. On March

21, 2023, Plaintiff filed the Motion pursuant to Rule 55(b) of Federal Rules of Civil Procedure for failure to plead or otherwise defend the action.  ECF No. 7.

A.  **Background**[1]

Plaintiff is a fiduciary of "jointly administered, multi-employer, labor management, trust funds" established by the Laborers Unions Local No. 1298 of Nassau and Suffolk Counties. ECF No. 1 ¶ 5.  Plaintiff, in its power as an authorized fiduciary, is authorized to enforce compliance with the Collective Bargaining Agreement ("C.B.A.") provisions that concern employee benefit rights.  *Id.* ¶ 6.

Defendant is a for-profit, domestic corporation doing business in New York State and has a principal place of business located at 168 Townline Road in Kings Park, New York.  *Id.* ¶ 10. Plaintiff contends that Defendant is an "employer" as defined by ERISA, and was and is an employer bound to the C.B.A.  *Id.* ¶¶ 9-10, 11.

Plaintiff contends that Defendant breached its contractual duties and is liable for damages and equitable relief under ERISA.  *Id*. ¶ 4.  Plaintiff maintains that from December 13, 2021 to the present, Defendant "failed, neglected, and refused" to abide by the terms in the agreed upon C.B.A., which required Defendant to submit reports and fringe benefit contributions.  *Id*. ¶¶ 11, 14.  Plaintiff alleges that records show that Defendant failed to make payment on outstanding fringe benefit contributions totaling $3,058,252.35.  *See* ECF No. 10-3 at 4.

According to the Complaint, Motion, and supporting documents, Plaintiff asserts that the C.B.A. and a Policy for the Collection of Delinquent Contributions (the "Policy") provide that Defendant is obligated to pay "ten percent (10%) of the contributions owing as liquidated

---

[1] The facts included in this section are taken primarily from the Complaint at ECF No. 1. Since Defendant failed to answer, all well-pleaded allegations in the Complaint are presumed to be true.  *See Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 77 (E.D.N.Y. 2020).

damages; ten percent (10%) of the contributions due and owing as interest; accountant fees, attorneys fees, and audit fees at the hourly rate charged[;] and all court costs and disbursement incurred." *See* ECF No. 1 ¶ 16; ECF No. 10-3 at 2, 6.

Plaintiff relies on a formula described in the Policy to estimate delinquency payments due and damages owed. *See* ECF No. 1 ¶ 16; ECF No. 8 ¶¶ 5-6; ECF No. 10-3 at 4. Plaintiff's Memorandum in Support of the Motion maintains that since Defendant has failed to produce evidence challenging Plaintiff's calculation, the contribution calculated by Plaintiff should be awarded by the Court. ECF No. 10-3 at 4 ("since Defendant has failed to produce any evidence challenging Plaintiffs' calculation of the fringe benefit delinquency and has defaulted in this action, an award of $3,058,253.35 in fringe benefit contributions should be issued").

Plaintiff further claims that Defendant's failure to pay the fringe benefit contributions violated Section 515 of ERISA (29 U.S.C. § 1145). ECF No. 1 ¶ 21. Plaintiff asserts that the violation of ERISA requires the Court to award payment of the unpaid contributions, plus statutory damages and interest on the unpaid principal. *Id.* Further, Plaintiff explains that the Defendant's failure to pay proper contributions resulted in injury to Plaintiff's participants and beneficiaries because it resulted in lower benefits and higher contributions amounts. *Id.* ¶ 22.

Plaintiff contends that Defendant is liable for additional fringe benefit contributions or delinquency charges that may become due and owing during this action. *Id.* ¶ 28. Lastly, Plaintiff claims that there is "no adequate remedy at law" to ensure Defendant will abide by Defendant's continuing obligations, and Plaintiff claims it is entitled to a permanent injunction enjoining Defendant from further violations. *Id.* ¶¶ 31, 33.

In sum, Plaintiff argues that the C.B.A., the Policy, and ERISA impose several obligations on Defendant amounting to $3,673,391.40, including: (1) payment of unpaid

contribution estimated pursuant to the calculation established by the Policy totaling $3,058,253.35; (2) interest calculated pursuant to the C.B.A., at a rate of 10% per annum totaling $305,825.33; (3) liquidated damages in the sum of ten percent of the deficiency totaling $305,825.33; and (4) reimbursement for attorney's fees and costs pursuant to ERISA totaling $3,487.50.  ECF No. 10-2.

### B. Procedural History

On September 6, 2022, Plaintiff initiated the instant actions against Defendant.  ECF No. 1.  According to the Complaint, Defendant failed to pay required contributions to Plaintiff, and, as a result, Plaintiff seeks damages resulting from the alleged delinquency, and requested a permanent injunction prohibiting Defendant from further violations of the agreements.[2]  *Id.* at 7-8.  The Clerk of the Court issued the summons on September 6, 2022.  ECF No. 3.

On February 1, 2023, after inaction in the case for over four months, Judge Chen ordered Plaintiff to effectuate service or provide a status update by March 1, 2023.  *See* Feb. 1, 2023 Order.  Judge Chen also reminded Plaintiff that Rule 41 of the Federal Rules of Civil Procedure enables the Court to dismiss the case for failure to prosecute if Plaintiff continued to fail to serve Defendant.  *See id.*

On February 2, 2023, Plaintiff filed proof of service demonstrating that Defendant was served with the summons and Complaint on September 12, 2022.  ECF No. 4.  Defendant has not answered or otherwise responded to the Complaint.

On March 13, 2023, Plaintiff requested a Certificate of Default.  ECF No. 5.  The Clerk entered Defendant's default on March 17, 2023.  ECF No. 6.

---

[2] Plaintiff is not seeking any form of injunctive relief in the pending Motion for Default Judgment.

On March 21, 2023, Plaintiff filed the Motion for Default Judgement which is supported by an affidavit by James E. Cornell ("Cornell"), a Fund Manager employed by Plaintiff; the C.B.A.; a Policy of Delinquent Contributions; and the exhibit rate sheet used by Plaintiff for damages calculations. ECF Nos. 7, 8, 8-1, 8-2, and 8-3. Plaintiff also filed an attorney affidavit, a proposed judgment, and a memorandum of law in support of the Motion. ECF Nos. 9, 10-2, and 10-3. Plaintiff served Defendant with the Motion and supporting documentation on March 20, 2023. ECF No. 10-1. Defendant has not responded to the Motion.

On March 27, 2023, Judge Chen respectfully referred the Motion to the undersigned. Mar. 27, 2023 Order.

## II. LEGAL STANDARDS

### A. Default Judgement

Pursuant to Rule 55, there is a two-step process for obtaining default judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment. *See, e.g., Monbo v. Nathan*, 623 F. Supp. 3d 56, 142 (E.D.N.Y. Aug. 26, 2022), *reconsideration denied*, No. 18-CV-5930, 2022 WL 4134455 (E.D.N.Y. Sept. 11, 2022) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)). Under Rule 55, "first, when a party has failed to plead or otherwise defend, the Clerk of Court must enter a certificate of default. Second, after this entry of default, if the party still fails to appear or move to set aside the default, then the moving party may make an application for entry of default judgment." *Trustees of Bldg. Trades Educ. Benefit Fund v. Romero Elec. LLC*, No. 19-CV-3515 (DRH) (AYS), 2021 WL 3604811 (E.D.N.Y. July 19, 2021), *report and recommendation adopted*, 2021 WL 3603613 (E.D.N.Y. Aug. 13, 2021).

In evaluating whether a default judgement is warranted, the Court is "'limited to the non-conclusory, factual allegations'" in the complaint. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020) (quoting *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)). Further, the Court looks to "the same factors that apply to a motion to set aside a default judgment for good cause, namely: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Group. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 54 (E.D.N.Y. 2022) (quoting *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.*, LLC, 779 F.3d 182, 186 (2d Cir. 2015)); *see Guggenheim Cap., LLC v. Birnbaum,* 722 F.3d 444, 455 (2d Cir. 2013) (same).

### B.  Statutory Background and Liability

ERISA provides a "comprehensive statutory framework for governing the administration of employee retirement plans." *Finkel v. Athena Light & Power LLC,* No. 14-CV-3585 (DLI) (PK), 2016 WL 4742279 (E.D.N.Y. 2016). Congress established ERISA "'to ensure that that employees and their beneficiaries would not be deprived of anticipated retirement benefits by the termination of pension plans before sufficient funds have been accumulated in the plans.'" *Id.* at *1 (quoting *Connolly v. Pension Benefit Guaranty Corporation*, 475 U.S. 211, 214 (1986)).

ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002. The statute explicitly states that any employer "who is obligated to make contributions to a multiemployer plan" under the terms of a plan or a C.B.A. "shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

6

If an employer fails to comply or meet its obligations, ERISA provides a cause of action to enforce the plan or to obtain relief. *See* 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(d)(1).

Regarding a motion for default judgement, the facts alleged in the complaint that a defendant violated rules established by provisions in the C.B.A., as well as any other applicable contracts, "are sufficient to establish an ERISA violation." *Romero Elec. LLC*, 2021 WL 3604811, at *5; *see also Trustees of Loc. 813 Ins. Tr. Fund v. All Cnty. Funeral Serv., Inc.,* No. 18-CV-737 (ENV) (RER), 2019 WL 5088285 (E.D.N.Y. Aug. 7, 2019), *report and recommendation adopted,* 2019 WL 5087097 (E.D.N.Y. Oct. 10, 2019) (finding ERISA liability based on evidence of a governing C.B.A. and incorporated documents); *Trustees of Local 813 Ins. Tr. Fund* v. *Bradley Funeral Serv., Inc.*, No. 11-CV-2885 (ARR) (RLM), 2012 WL 3871759, at *3 (E.D.N.Y. Aug. 10, 2012) (finding the complaint's "uncontested factual allegations are sufficient to state a claim that defendant violated the terms of the C.B.A. and, by extension, ERISA").

The LMRA governs suits for violations of contracts between an employer and labor organization representing employees and provides an avenue for labor organizations to enforce their rights. *See* 29 U.S.C. § 185; *see also Romero Elec. LLC*, 2021 WL 3604811, at *6 (explaining that "where a C.B.A. requires remittance of dues to a union, a union may enforce its contractual rights under" the LMRA).

**C.     Damages**

"A defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.,* 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022). "A court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount

7

demanded." *Antoine*, 489 F. Supp. 3d at 90; *see La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation.") (internal quotation marks and citations omitted).

"A court must ensure that there is an adequate basis for the damages sought by a plaintiff . . . and must also be able to ascertain the amount of damages 'with reasonable certainty.'" *Antoine,* 489 F. Supp. 3d at 90 (internal citations omitted). "A court may make this determination based upon evidence presented at a hearing or upon a review of 'detailed affidavits or documentary evidence.'" *Id.* (internal citations omitted).

In any action to enforce Section 1145, where a judgement in favor of the plan is awarded, the court shall award the plan: (1) unpaid contributions; (2) interest on those unpaid contributions; and (3) the greater of interest on unpaid contributions or liquidated damages provided by the plan not in excess of 20%. 29 U.S.C. § 1132(g)(2)(A)-(C). The plan may be entitled to reasonable attorney's fees and other equitable relief the court deems appropriate. 29 U.S.C. § 1132(g)(2)(D)-(E). ERISA also establishes the Court's discretion to "allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

      **i.**    **Unpaid Contribution**

ERISA provides that an employer's violation of the statute entitles plaintiffs to a judgement for the amount of unpaid contribution. Courts regularly review requests ERISA damages from delinquent contributions actions by relying upon findings of an audit. *See Trustees of Laborers Local Union No. 1298 of Nassau and Suffolk Ctys. Benefit Funds v Sitework Mgt., Inc.,* 206 F. Supp. 3d 790, 791 (E.D.N.Y. 2016) (awarding unpaid contribution

8

amounts following a court-ordered audit). Courts may rely on an audit report for definitive estimates of amounts due when the audit report "contains sufficient information to enable the Court to determine the amount of delinquent contributions." *All Cnty. Funeral Serv., Inc.*, 2019 WL 5088285, at *2 (internal quotations and citation omitted).

### ii. Interest

"Courts are authorized to 'award prejudgment interest to a successful ERISA claimant, and that decision . . . is committed to the sound discretion of the district court.'" *Romero Elec. LLC*, 2021 WL 3604811, at *7 (citation omitted); *Shah v. N.Y.S. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). "[T]he aim [of awarding interest] is to make the plaintiffs whole, but not to give them a windfall." *Romero Elec. LLC*, 2021 WL 3604811, at *7 (quoting *Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 139 (2d Cir. 2000)) (quotation marks omitted).

ERISA provides that the amount of interest due for unpaid contributions must be "determined by using the rate provided under the plan, or, if none, the rate prescribed by section 6621 of the Internal Revenue Code." 29 U.S.C. § 1132(g). Courts similarly depend on accurate accounting and expect that plaintiffs establish proper calculation of interest to verify the amount claimed. *See All Cnty. Funeral Serv., Inc.,* 2019 WL 5088285, at *4.

### iii. Liquidated Damages

Under ERISA, in addition to "unpaid contributions" and interest on that amount, "the court shall award the plan . . . an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the [C.B.A.] in an amount not in excess of 20 percent . . . ." 29 U.S.C. § 1132(g)(2).

### iv.  Attorney's Fees

ERISA entitles plaintiffs to "reasonable attorney's fee and costs of the action, to be paid by the defendant" when judgment in favor of the plan is awarded. 29 U.S.C. § 1132(g)(2). "The Second Circuit requires courts to assess the reasonableness of attorney's fees." *Romero*, 2021, WL 3604811, at *8 (citing *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011)). The party seeking the fee award "must substantiate its requested number of hours expended through contemporaneous time records." *Id.* (citing *U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 287 (E.D.N.Y. 2012)). The determination of a reasonable fee is within the district court's discretion. *See id.* (citation omitted).

## III.  DISCUSSION

Here, the Court finds Plaintiff is entitled to default judgment against Defendant, but that the request for damages should be denied without prejudice subject to the submission of additional support.

### A.  Plaintiff is Entitled to a Default Judgment

Plaintiff satisfied the two-step process for default judgement by (1) requesting a certificate of default which was entered by the Clerk of the Court, and (2) filing a motion for default judgement and supporting documents. *See* ECF Nos. 5 to 10. Defendant's failure to respond indicates willfulness and the facts reveal Defendant has no apparent meritorious defense. Further, Plaintiffs would be prejudiced in the face of a denial of default judgement.

### i.  Willfulness

Defendant failed to respond to the Complaint or appear in this action since its commencement on September 6, 2022. *See* ECF No. 4. This inaction evidences willful default.

*See, e.g., Laura Elec. Lighting & Maint. Serv. Inc.*, No. 20-CV-3700 (DRH) (JMW), 2021 WL 6294391, at *3 (E.D.N.Y. Dec. 14, 2021), *report and recommendation adopted*, 2022 WL 59655 (E.D.N.Y. Jan. 6, 2022) (finding a willful default when defendants did not file a timely answer, nor did they request an extension); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 (ADS) (AKT), 2013 WL 4042357, at *3 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013) (citation omitted) ("[w]hen a defendant is continually and 'entirely unresponsive,' defendant[s'] failure to respond is considered willful").

### ii. Lack of Meritorious Defense

Plaintiff's uncontested allegations of unpaid contributions due according to the C.B.A. and ERISA are sufficient to establish the Defendant's lack of a meritorious defense. *See* ECF No. 1; *Laura Elec. Lighting & Maint. Serv. Inc.,* 2021 WL 6294391, at *3 (finding that under the C.B.A. and ERISA, defendants were required to make payments but failed to, which established a lack of a meritorious defense). Defendant's lack of a meritorious defense weighs in favor of default.

### iii. Prejudice

In considering a motion for default judgement, the third factor that courts consider is whether the non-defaulting party would be prejudiced if the motion for default were to be denied.

Plaintiff commenced this suit to recover against Defendant for claims set forth in the Complaint, but would be unable to recover if default is denied. *See generally* ECF No. 1. The lack of alternatives for Plaintiff to recover against Defendant suggest that default should be granted. *See Romero,* 2021 WL 360481 at *4 (granting default judgement in part because "without the entry of a default judgment, Plaintiffs will be unable to recover against Defendants

11

for the claims adequately set forth in their Complaint"). Denial of the motion would prejudice Plaintiff; therefore, this factor weighs in favor of granting default judgment.

### B. Liability

In considering a motion for default judgment, a defendant's liability may be established by the factual allegations drawn from the complaint. *See Romero,* 2021 WL 360481 at *5 ("[T]he allegations that defendant has failed to comply with its contractual obligations and with the statutory requirements of ERISA are sufficient to state claims on which relief is warranted.") (quotation marks and citation omitted). The Complaint established that Defendant is an employer "within the meaning of" ERISA and "was and still is an employer in an industry affecting commerce" within the meaning of the LMRA. *See* ECF No. 1 ¶ 9.

The Complaint asserts that Defendant "executed a C.B.A.," "and/or was and still is a party" to the C.B.A., and that, under the C.B.A., Defendant was required to but "failed, neglected, and refused" to remit fringe benefits contributions. *See id.* ¶¶ 12-14.

The Complaint further alleges that Plaintiff is the fiduciary of the Funds. *See id.* ¶ 5. These alleged facts that Defendant failed to comply with the duties in accordance with the C.B.A. and failed to make the required contributions to the Funds, taken as true, establish liability under ERISA.

### C. Damages

With Defendant's liability established, the Court turns to Plaintiff's supporting documents to determine damages due and owing to Plaintiff. *See Laura Elec. Lighting & Maint. Serv. Inc.,* 2021 WL 6294391, at *3 (reviewing detailed affidavits and exhibits – including an audit report – that outlined the purported damages due from unpaid benefit contributions).

### i. Contribution of Delinquent Payments

Plaintiff seeks judgement for benefit fund contributions due and owing from August 15, 2022 through to March 15, 2023. ECF No. 8 ¶ 4; ECF No. 9 ¶ 7. Plaintiff provided two affidavits in support of the damages request: one from Cornell and another from Carney, both outlining the requested damages pursuant to the C.B.A. and the Policy. ECF No. 8 ¶¶ 4-6; ECF No. 8-1; ECF No. 8-2; ECF No. 9 ¶¶ 7-8. Cornell estimated delinquency to be $3,058,253.35 using the Policy's delinquent payment damages equation. *See* ECF No. 8 ¶¶ 5-6. However, the Court finds Cornell's estimations insufficient to calculate the requested damages.

First, pursuant to the C.B.A., Plaintiff may compel Defendant to submit to an audit to firmly established the payment due. *See* ECF No. 8-1 at 28 (an employer's refusal to "permit an audit of the employer's books and records by a representative of the Fund upon ten days prior notice . . . shall be deemed to constitute a violation of this agreement"). Plaintiffs have not submitted an audit report of Defendants, and the Court does not find the evidentiary support for delinquent payments (namely, ECF No. 8-3) to provide adequate evidentiary support. Courts considering similarly inadequate evidence have denied the request for delinquent contribution damages without prejudice. *See All Cnty. Funeral Serv., Inc.*, 2019 WL 5088285, at *3 ("I respectfully recommend that Plaintiffs' request for delinquent contribution damages be denied, without prejudice to renew upon a sufficient evidentiary basis").

Additionally, though the Policy is signed by both parties, the C.B.A. does not mention or incorporate the Policy. *See* ECF No. 8-1. The C.B.A. itself also does not mention any calculations to be used to estimate recovery permitted on delinquent payments. *See id.*; *Trustees of Laborers Union Loc. No. 1298 of Nassau & Suffolk Ctys. Benefit Funds v. Sitework Mgmt., Inc.,* No. 14-CV-3052 (ADS) (AKT), 2015 WL 1198665 (E.D.N.Y. Mar. 16, 2015) (noting the

13

reliance on a "Collection Policy" in calculating damages was "concerning" when there was no evidence that the policy was incorporated into the C.B.A.).

Based upon the foregoing information and the applicable law, the Court respectfully recommends to Judge Chen that Plaintiff's motion for damages be denied without prejudice, pending an audit of the relevant delinquency period and/or submission of further evidence.

### ii. Interest and Liquidated Damages

The interest and liquidated damages to be awarded to Plaintiff depends on the calculation of the delinquent payment. Pursuant to C.B.A. and 29 U.S.C. § 1132(g)(2)(c), Plaintiff may be entitled to interest "at the rate of ten percent (10%) per annum," but the determination of the damages awarded must be denied without prejudice, as the estimated delinquency is not sufficiently substantiated by the pending motion and supporting documents. *See* ECF No. 10-3 at 5-6.

Similarly, the C.B.A. provides that Plaintiff can claim liquidated damages "in the amount of ten percent (10%) of the total delinquency," indicating that a judgement on the amount of liquidated damages to be awarded also should be denied without prejudice. *See All Cnty. Funeral Serv., Inc.,* 2019 WL 5088285, at *4 (denying an interest award and liquidated damages without prejudice to renew upon adequate submissions).

### iii. Attorney's Fees and Costs

Defendant is required to pay the reasonable attorney's fees and costs incurred due to the liability established through the default judgement under ERISA and the C.B.A. Under ERISA, the award of attorney's fee is mandatory, but the court must discern and determine the amount to be awarded. *See* 29 U.S.C. § 1132(g)(2); *Romero,* 2021 WL 360481 at *8. According to the C.B.A., "if the Trustees or the Fund Administrator of the Benefit Funds is required to utilize the

services of an attorney to collect employer delinquencies . . . the delinquent employer may be required to pay . . . the reasonable costs of auditing services and legal fees in the amount of fifteen (15%) of the delinquent amount in accordance with ERISA." *See* ECF No. 8-1 at 29. ERISA provides that the attorney's fee must be "reasonable." *See* 29 U.S.C. § 1132(g)(2)(D).

Considering the recommended denial of Plaintiff's request for damages, the undersigned respectfully recommends that Plaintiff's request for attorney's fee and costs also be denied without prejudice and Plaintiff be permitted to renew this request in connection with any additional filings related to damages. *See All Cnty. Funeral Serv., Inc.*, 2019 WL 5088285, *4 (denying the request for attorney's fees and costs with opportunity to renew where damages were denied without prejudice).

IV. **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Default Judgement be granted in part. The Court finds Plaintiff has adequately established Defendant's default and liability. However, the undersigned recommends that the request for damages (including delinquent payments, interest, liquidated damages, and attorney's fees and costs) be denied without prejudice to renew upon a further showing consistent with this Report and Recommendation.

V. **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Chen. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER

APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
      August 18, 2023

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge