UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
TRUSTEES OF LABORERS UNION LOCAL
NO. 1298 NASSAU & SUFFOLK COUNTIES
BENEFIT FUNDS,

                          Plaintiff,

                - against -

PIONEER LANDSCAPING & ASPHALT
PAVING, INC.,

                        Defendant.
--------------------------------------------------------x

                        **ORDER ADOPTING REPORT AND
RECOMMENDATION**
                        22-CV-5276 (PKC) (LGD)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Trustees of Laborers Union Local No. 1298 Nassau & Suffolk Counties Benefit Funds ("Plaintiff") moves for default judgment against Defendant Pioneer Landscaping & Asphalt Paving, Inc. ("Defendant").  Upon referral, the Honorable Lee G. Dunst, Magistrate Judge, issued a Report and Recommendation (Dkt. 11 ("R&R")) recommending that Plaintiff's motion be granted in part—as to Defendant's default and liability—but that Plaintiff's request for damages (including delinquent payments, interest, liquidated damages, and attorney's fees and costs) be denied without prejudice to renew upon a further evidentiary showing.  (R&R at 15.)  Before the Court is Plaintiff's timely objection to the R&R, to the extent that Judge Dunst recommends denying Plaintiff's damages request.  For the reasons explained below, Plaintiff's objection is overruled and Judge Dunst's R&R is adopted, though for different reasons as to Plaintiff's damages.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts and procedural history of the case and recites only the background relevant to Plaintiff's pending objection.

In this action, Plaintiff seeks to recover unpaid benefit contributions from Defendant, an employer subject to Plaintiff's collective bargaining agreement (Dkt. 8-1 (the "CBA")).  (*See* Dkt. 1, at 2–3, 7–8; Dkt. 13 ("Pl.'s Obj.") ¶ 3; R&R at 2.)  Despite being properly served on September 12, 2022, Defendant has failed to answer or otherwise appear in this action.  (*See* Dkt. 4.)  A default was entered against Defendant on March 17, 2023.  (*See* Dkt. 6.)  On March 21, 2023, Plaintiff moved for a default judgment against Defendant.  (*See* Dkt. 7.)  In particular, Plaintiff sought judgment for those unpaid benefit contributions owed by Defendant.  (*See id.* at ECF[1] 3.)  In support of its damages request, Plaintiff attached an affidavit from James E. Cornell ("Mr. Cornell"), the Fund Manager of the Laborers Local Union No. 1298 Benefit Funds of Nassau and Suffolk Counties (the "Funds"), which stated that Defendant "has failed to make payments by the Due Date on behalf of covered employees for the period of August 15, 2022, through to March 15, 2023 ('delinquency period')."  (Aff. of James E. Cornell, Dkt. 8 ("Cornell Affidavit" or "Cornell Aff.") ¶ 4.)  Specifically, Plaintiff sought damages comprised of an estimated delinquent amount of $3,058,253.35; 10% interest on that sum, amounting to $305,825.33; and liquidated damages at a rate of 10% of the total delinquency, totaling another $305,825.33, all as provided for under the CBA or the Funds' Policy for Collection of Delinquent Contributions (the "Policy").  (*Id.* ¶¶ 5–7.)  Plaintiff also sought reasonable attorney's fees and costs.  (*Id.* ¶ 7.)   Further, Mr. Cornell explained how he calculated the requested amounts pursuant to the CBA and the Policy.  (*See id.* ¶¶ 5–7.)  To arrive at the estimated delinquent amount of $3,058,253.35, Mr. Cornell utilized a total of 7,893 worked hours, reflected in a May 2022 remittance report submitted to Plaintiff by Defendant.  (*See id.* ¶ 6; Dkt. 8-3 ("May 2022 Rep.") at ECF 2.)  To that number, Mr. Cornell

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

added 10% of the worked hours as permitted under the Policy—reaching a sum of 8,682 hours—then multiplied that sum by the current hourly contribution rate of $44.03[2] and again multiplied by eight to reflect an "eight[-]month" delinquency period from August 15, 2022 to March 15, 2023.  (*See* Cornell Aff. ¶¶ 4–6; May 2022 Rep., at ECF 1–2.)

On August 18, 2023, Judge Dunst issued his R&R recommending that the Court partially grant Plaintiff's motion for default judgment.  (R&R at 15.)  Specifically, while Judge Dunst found that Plaintiff had adequately established Defendant's default and liability, he recommended that Plaintiff's request for damages be denied without prejudice to renew upon a further evidentiary showing.  (*Id.*)  To that end, Judge Dunst found Plaintiff's current damages showing insufficient for three reasons.  (*See id.* at 13–14.)

First, the CBA permits Plaintiff to compel Defendant to submit to an audit to determine the unpaid amount, but Plaintiff has not demanded an audit.  (*Id.* at 13.)  Second, absent an audit, the CBA does not mention a method for calculating the estimated recovery permitted on delinquent payments.  (*Id.* at 13–14.)  Third, although the Policy mentions a method for calculating the relevant amount, the CBA does not mention or incorporate the Policy.  (*Id.*)

On August 28, 2023, Plaintiff timely filed an objection to the R&R.  (*See* Dkts. 13, 13-1.)  The basis for Plaintiff's objection is that the calculations stated in the Cornell Affidavit are sufficient to establish Plaintiff's requested damages when combined with a newly-submitted affidavit from George S. Truicko, III ("Mr. Truicko"), who is the Assistant Business Manager of

---

[2] The Court notes that there is a discrepancy between the hourly rate presented in Mr. Cornell's affidavit ($44.04) and the Report ($44.03).  (*Compare* Cornell Aff. ¶ 6, *with* May 2022 Rep., at ECF 1.)  However, it appears that Mr. Cornell's calculations in his affidavit utilize the hourly rate of $44.03 specified in the Report, notwithstanding the affidavit's reference to a rate of $44.04.  (*See* Cornell Aff. ¶ 6.)  Therefore, the Court refers to the contribution rate as $44.03 per hour.

the Laborers Union Local 1298 of Nassau and Suffolk Counties, and who is "familiar with the terms" of the CBA.  (*See* Pl.'s Obj. ¶¶ 5–6; Aff. of George S. Truicko, III, Dkt. 13-1 ("Truicko Affidavit" or "Truicko Aff."), ¶ 1.)  The Truicko Affidavit states that the Policy's delinquency estimation guidelines are incorporated into the CBA—which Defendant is required to follow— and that Defendant is therefore required to follow the Policy as well.  (*See* Truicko Aff. ¶ 4.)  As such, Plaintiff argues that Mr. Cornell's calculations, based on the Policy, establish Plaintiff's damages.  (Pl.'s Obj. ¶¶ 5–6.)

Regarding the remaining portions of the R&R, Plaintiff merely "renew[s] [its] request for attorney's fee[s] and cost[s] as stated" in its initial filing.  (*Id.* ¶ 7.)

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's report and recommendation, district courts must review *de novo* "those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see Saleh v. Pompeo*, 393 F. Supp. 3d 172, 177 (E.D.N.Y. 2019).  Under *de novo* review, the district judge "will make an independent determination of the relevant issue, giving no deference to any previous resolution of such issue."  *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 52 (E.D.N.Y. 2008) (citing *Nomura Sec. Int'l, Inc. v. E\*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)).

However, if an objection is "only conclusory or general," or "simply reiterates [the] original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error."  *Id.* at 51 (quoting *Barratt v. Joie*, No. 96-CV-324 (LTS) (THK), 2022 WL 335014, at \*1 (S.D.N.Y. Mar. 4, 2002) (collecting cases)); *accord Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649 (PKC) (ST), 2020 WL 3118528, at \*1 (E.D.N.Y. June 12, 2020).  A report and recommendation is "'clearly erroneous' when the [district judge] is, 'upon review of the entire record, left with the

definite and firm conviction that a mistake has been committed.'"  *Saleh*, 393 F. Supp. 3d at 177

(quoting *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009)).

## DISCUSSION

### I.    Damages

Plaintiff objects to Judge Dunst's recommendation that its request for damages be denied

without prejudice.  (*See* Pl.'s Obj. ¶ 6; R&R at 13–15.)  Accordingly, the Court reviews *de novo*

the portion of the R&R regarding damages.  *See* 28 U.S.C. § 636(b)(1)(C); *Saleh*, 393 F. Supp. 3d

at 177.  Ultimately, the Court adopts the conclusion of the R&R that Plaintiff's request for damages

should be denied without prejudice, but for slightly different reasons.[3]

### A.    Estimated Delinquency

When awarding damages pursuant to a default judgment, a court is obligated to look

beyond a plaintiff's statement of damages and ensure that the plaintiff has met its burden to

establish that the damages sought are appropriate.  *See Transatlantic Marine Claims Agency, Inc.

v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).  Damages are

appropriate when they can be ascertained "with reasonable certainty" and have an "adequate

basis."  *See Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020).  "A court

may make this determination based upon evidence presented at a hearing or upon a review of

'detailed affidavits or documentary evidence.'"  *Id.* at 90–91 (citing *Transatlantic Marine*, 109

F.3d at 111).  "In cases [involving claims of unpaid benefit contributions] where defendants have

not produced books and records required for an audit, courts have awarded damages based on

estimates consistent with the provisions of the parties' [collective bargaining agreements] and trust

agreements."  *Loc. 355 United Serv. Workers Union, Int'l Union of Journeymen & Allied Trades*

---

[3] Even if the Court were to review the damages portion of the R&R for clear error, the Court would find none, for the reasons described *infra* Discussion §§ I.A.–B.

*v. Aircon Enters., Inc.*, No. 18-CV-1849 (LDH) (LB), 2021 WL 7906499, at *4 (E.D.N.Y. Oct. 5, 2021) (citing, *inter alia*, *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 351 (E.D.N.Y. 2009)).  Where an applicable collective bargaining agreement "explicitly instruct[s] that payments must be calculated in accordance with [a] contribution polic[y]," the Second Circuit has applied that contribution policy.  *See Welfare Fund, New England Health Care Emps. v. Bidwell Care Ctr., LLC*, 419 F. App'x 55, 58 (2d Cir. 2011) (summary order).

Here, although it appears that the delinquent amount that Defendant owes Plaintiff can be ascertained "with reasonable certainty," the Court finds that Plaintiff's proffered amounts cannot currently be said to have an "adequate basis."  *See Antoine*, 489 F. Supp. 3d at 90.  Specifically, even assuming that the Truicko Affidavit establishes that the Policy may be used to calculate the delinquency, Mr. Cornell's estimate is too high.[4]  *See Welfare Fund*, 419 F. App'x at 58; *Transatlantic Marine*, 109 F.3d at 111; *Antoine*, 489 F. Supp. 3d at 90.

First, Mr. Cornell states that Defendant's "delinquency period" runs from "August 15, 2022[] . . . to March 15, 2023," a "period . . . [of] eight (8) months."  (Cornell Aff. ¶¶ 4, 6.)  This

---

[4] Judge Dunst recommended denial of Plaintiff's damages request based on a lack of evidence that the Cornell Affidavit's calculations pursuant to the Policy apply to the damages Plaintiff seeks from Defendant for violating the CBA.  (*See* R&R at 2, 13–14.)  Along with its objections, Plaintiff submitted the Truicko Affidavit in an effort to address this gap—which the Court could disregard.  *See Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC*, No. 17-CV-2010 (SJF) (AYS), 2018 WL 4853052, at *1 (E.D.N.Y. Sept. 28, 2018) (noting that "[t]he Court may, in its discretion consider, or refuse to consider, new evidence raised for the first time in an objection to a Report and Recommendation[,]" and that "[a]ccepting new evidence is generally disfavored"), *aff'd sub nom. Indus. Water Sols., LLC v. Ravyn & Robyn Constr., LLC*, 789 F. App'x 920 (2d Cir. 2020) (summary order).  Nonetheless, because the Court finds error with the Cornell Affidavit's calculations, the Court assumes *arguendo* that it may rely on the Truicko Affidavit at this stage of the proceedings to establish that damages against Defendant may be calculated under the Policy.  However, in its renewed motion for damages, as discussed *infra*, Plaintiff should be sure to include in the first instance any evidence establishing that the CBA permits the damages against Defendant to be calculated under the Policy, such as the Truicko Affidavit.

span of time, however, is only seven months.  Mr. Cornell's estimate is therefore too high by at least one month.  (*See id.*)

Second, the Policy states that Plaintiff may calculate an estimated delinquency by:

> [U]sing the number of hours *for the month* in which the largest number of hours were reported in the previous twelve (12) *reports* submitted by the Employer.[5]  An additional 10% may be added onto the prior hours.  The total number of hours for the unreported period as determined aforesaid shall be multiplied by the current contribution rate, and the amount of contributions so computed shall be deemed the amount due from the Employer, together with any sums calculated pursuant to CBA and standard collection policy for the purposes of any legal proceeding.

(Dkt. 8-2 ("Policy") § 1 ¶ 8 (emphasis added).)

It is plain from the May 2022 Report that Plaintiff's estimated delinquency of $3,058,253.35—based on 7,893 hours worked—includes hours potentially worked from April 25, 2022 to May 1, 2022, and not just the hours worked during the month of May.  (*See* Dkt. 8-3 ("May 2022 Rep.") at ECF 2–5 (containing entries referring to a "Work Period From" April 25, 2022 "To" May 1, 2022).)  Thus, even assuming that the May 2022 Report is the report with the highest number of hours out of "the previous twelve (12) reports" submitted by Defendant, (*see* Cornell Aff. ¶ 6), the delinquency estimate cannot be based on that report because it includes hours worked in April 2022 (*see* Policy § 1 ¶ 8 (requiring that the number of hours *for the month* in which the largest number of hours were reported in the previous 12 reports "submitted by the Employer" be used to calculate the estimated deficiency (emphasis added)).  This difference, too, is potentially significant, given that the number of hours worked between April 25, 2022 to May 1, 2022 totals 1,635.  When those hours are increased by 10% pursuant to the Policy and multiplied by an hourly

---

[5] The Court notes that the "previous twelve (12) reports submitted by the Employer" does not necessarily correspond to the 12 previous calendar months.  If an employer failed to submit a report for any given month, the past 12 reports would extend back more than 12 months before the triggering date used to calculate the delinquency.

rate of $44.03, and again multiplied by a corrected period of seven delinquent months, they equal a potential reduction of the total delinquent contributions estimate by $554,315.69.  (*See* May 2022 Rep. at ECF 3–5; *cf.* Cornell Aff. ¶ 6 (explaining method of calculation).)

Furthermore, the total delinquent contributions estimate cannot simply be calculated by subtracting this amount from the total provided by Plaintiff for two reasons.  First, it is unclear from the May 2022 Report how many hours were worked from April 25, 2022 through April 30, 2022, as opposed to May 1, 2022—hours which the Policy excludes from the calculation of the delinquent amount.  Second, given the erroneous inclusion of six extra days' worth of hours worked in Plaintiff's estimate, the Court cannot determine whether, in fact, the May 2022 report reflects the month with the largest reported hours worked within the last 12 reports that Defendant submitted.

Thus, because of these uncertainties, along with Plaintiff using the incorrect number of delinquent months in arriving at its delinquent contribution estimate, the Court cannot grant Plaintiff's request for damages at this time.[6]  *See Welfare Fund*, 419 F. App'x at 58; *Transatlantic Marine*, 109 F.3d at 111; *Antoine*, 489 F. Supp. 3d at 90.  Plaintiff may, however, renew its motion with a more complete evidentiary showing.  *See Trs. of Loc. 813 Ins. Tr. Fund v. All Cnty. Funeral Serv., Inc.*, No. 18-CV-737 (ENV) (RER), 2019 WL 5088285, at *3–4 (E.D.N.Y. Aug. 7, 2019) (recommending denial of plaintiff's request for damages and interest "without prejudice to renew

---

[6] The Court notes that this interpretation is consistent with other courts in this district, which have found that a delinquency estimate that "mistakenly utilized the previous *twelve months of reports*, and applied . . . remittance reports [for months outside the delinquency period] to make its calculations," was not consistent with the Policy, which requires use of "the number of hours for the month in which the largest number of hours were reported in the previous *twelve (12) reports*."  *See Trs. of Laborers Union Loc. No. 1298 of Nassau & Suffolk Cntys. Benefit Funds v. Sitework Mgmt., Inc.*, No. 14-CV-3052 (ADS) (AKT), 2015 WL 1198665, at *13 (E.D.N.Y. Mar. 16, 2015).

upon a sufficient evidentiary basis"), *R. & R. adopted*, 2019 WL 5087097 (E.D.N.Y. Oct. 10, 2019).

**B.      Interest and Liquidated Damages**

Under the CBA, Plaintiff may be entitled to interest "at the rate of ten percent (10%) per annum." (CBA at 29; R&R at 14.)  Further, Plaintiff can claim liquidated damages "in the amount of ten percent (10%) of the total delinquency." (CBA at 29.)  Both of these amounts, however, cannot be ascertained without a determination of the delinquent amount.  (*See id.*; *supra* Discussion § I.A.)  Accordingly, the Court denies this portion of Plaintiff's motion with leave to renew.  *See All Cnty. Funeral Serv., Inc.*, 2019 WL 5088285, at *3–4.

**II.      Attorney's Fees and Costs**

As for attorney's fees and costs, Plaintiff simply "renew[s]" its earlier request.  (Pl.'s Obj. ¶ 7.)  Thus, the Court reviews this portion of the R&R, which denies this request without prejudice to renew, for clear error.  *Pall Corp.*, 249 F.R.D. at 51; *see also Barratt*, 2022 WL 335014, at *1; *Francisco*, 2020 WL 3118528, at *1.  Having reviewed the record for error, the Court finds none.  *See Saleh*, 393 F. Supp. 3d at 177; *DiPilato*, 662 F. Supp. 2d at 339–40.

The CBA requires a "delinquent employer" to pay legal fees amounting to 15% of the delinquent amount.  (*See* CBA at 29; *see also* R&R at 14–15.)  Given that the Court adopts Judge Dunst's recommendation to deny without prejudice Plaintiff's request for damages, *see supra* Discussion §§ I.A.–B.—leaving the delinquent amount, and therefore 15% of the delinquent amount, yet to be determined—the Court discerns no clear error in Judge Dunst's recommendation to deny Plaintiff's request for attorney's fees and costs without prejudice.  (*See* R&R at 15 (citing *All Cnty. Funeral Serv., Inc.*, 2019 WL 5088285, at *4).)  Accordingly, the Court adopts this portion of the R&R.

\*       \*       \*

With respect to the remainder of the R&R, as to which no objection has been filed, the Court finds no clear error on its face. *See Pall Corp.*, 249 F.R.D. at 52. Accordingly, the Court adopts the R&R in full.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's request for damages (including delinquent payments, interest, and liquidated damages) without prejudice to renew its request with a sufficient evidentiary basis. As to the remainder of the R&R, the Court adopts it in its entirety. The Court directs Plaintiff to renew its request for damages, with this Court, within sixty (60) days from the date of this Order. If Plaintiff fails to do so, the Court will enter an Order and Judgment that does not award damages to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 30, 2024
Brooklyn, New York